[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action, the plaintiffs, ex-tenants in premises owned by the defendants, seek to recover their security deposit with interest. The defendants have counterclaimed, alleging several thousand dollars CT Page 2229 in damages were incurred by them because of the plaintiffs' mistreatment of the rented premises.
Though the plaintiffs have claimed twice the amount of the security deposit, pursuant to Section 47a-21 (d)2, they have not proved their entitlement to this enhanced amount. The court finds that the plaintiffs should recover of the defendants the $1200.00 security deposit plus interest in the amount of $341.25, for a total of $1541.25.
The defendants' counterclaim was introduced via 13 photos and a fistful of receipts. However, no value or expenditure was introduced as to numerous items of damage. Thus, for example, the court heard no evidence as to the cost of removing the abandoned furniture and trash, the replacement of a chandelier, repair to a formica counter, etc.
With respect to the major expenditures the defendants' claimed, there was a failure to present these claims properly so that the court could determine what amount, if any, was chargeable to the plaintiffs.
For example, Neal Daley testified that he painted parts of the inside of the house and repaired some sheetrock. The plaintiffs had occupied the premises for over five years. It would appear to the court that this entire bill cannot be charged to the plaintiffs without some explanation to differentiate fair wear and tear from abuse.
Similarly, the defendants presented a bill for $1175 for rebuilding a bathroom. This bill included a repair at another house owned by the defendants but this was not detailed. Nor was there an explanation of why the plaintiffs were responsible for this entire bill — such as the cost of a toilet which was replaced because it did not match the tub. Finally, there was considerable dispute over the cause of this bathroom "damage".
The court found Steven Bavone, the floor sander, a credible witness and accepts his explanation that his work was necessitated by heavy items being dragged along the floor and animal stains. His bill for $600 for the work described is found to be reasonable.
The court concludes that the defendants are entitled to recover on their counterclaim as follows:
a. Floor sanding and sealing $600.00
b. Rent, December, 1988 600.00
c. Closet wall and cellar door 330.00 CT Page 2230 frame repairs
 d. Miscellaneous supplies, etc. 168.95 testified to by Caren Bordeau -------
$1698.95
Therefore, judgment may enter for the defendants to recover of the plaintiffs the sum of $157.70 plus taxable costs.
DeMayo, Judge